IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY ORTEGA** | § | |
| *Plaintiff,* | § | |
| | § | **Case No. 5:24-CV-00519-OLG-HJB** |
| vs. | § | |
| | § | |
| **SECURE ONE CAPITAL CORPORATION, BRUCE MICHAEL EDGELL, AND RYAN WILLIAM MARIER,** | § § § § | **DEMAND FOR JURY TRIAL** |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Mark Ortega ("Plaintiff" or "Ortega") brings this action against Defendants Secure One Capital Corporation ("Secure One"), Bruce Michael Edgell ("Edgell"), and Ryan William Marier ("Marier")(collectively, "Defendants") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls to Plaintiff without consent, including calls to phone numbers that are registered on the National Do Not Call registry ("DNC").

Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

### I.   PARTIES

1. Plaintiff is a resident of San Antonio, Texas.

2. Defendant Secure One Capital is a California corporation.

3. Defendant Bruce Michael Edgell is an individual residing in Orange County, California.

1

4. Defendant Ryan William Marier is an individual residing in Orange County, California.

## II.     JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Court also has supplemental jurisdiction because the Texas Telephone Solicitation Act ("TTSA") claim relates to the same telemarketing campaign as the TCPA.

6. This Court has personal jurisdiction over the Defendants because the Defendants transacts business in this District and placed calls to Plaintiff into this District.

7. Venue is proper in this District under 28 U.S.C § 1391(b) because the Plaintiff resides in this District and the wrongful conduct giving rise to this case was directed into this District.

## III.    INTRODUCTION

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

12. The TCPA prohibits the initiation of the telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5).

## IV. FACTUAL ALLEGATIONS

13. Defendant Secure One Capital sells debt consolidation and personal loans.

14. Defendant Secure One Capital uses telemarketing to promote its services and solicit new clients.

15. Plaintiff is an individual who was in Texas at the time of the messages.

16. Plaintiff is the subscriber and the sole user of the cellular phone number (210)-744-XXXX.

17. Plaintiff registered his phone number on the Do Not Call Registry more than 30 days prior to receiving the calls at issue.

18. Plaintiff uses his cell phone primarily for personal, residential, and household purposes.

19. Plaintiff never consented to receive telemarketing communications from any of the Defendants.

20. Despite this, Plaintiff still received at least four telemarketing calls from or on behalf of Defendant Secure One Capital.

21. This includes calls placed on November 2, 2023, November 15, 2023, November 29, 2023, and on December 19, 2023.

22. Upon information and belief, the calls resulted in the delivery of artificial or prerecorded voice messages to Plaintiff's voicemail box.

23. Each such message, when played by Plaintiff, identifies Secure One Capital as the company calling. One such message, received on December 19, 2023, was left by Defendant Bruce Michael Edgell, who identified himself as "Bruce from Secure One Capital, I'm the branch manager", and stated he was calling about "debt consolidation personal loan options." This directly links Defendant Edgell to the telemarketing campaign.

24. The unauthorized telephonic communications that Plaintiff received from Defendants, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and occupied and otherwise disturbed the use and enjoyment of his phone.

25. Upon information and belief, Defendant Secure One Capital, through its employees and/or agents, used an automatic telephone dialing system ("ATDS"), to place calls to Plaintiff. The use of the ATDS was done without Plaintiff's prior express consent.

26. The calls to Plaintiff were not isolated incidents, but part of a larger telemarketing campaign conducted by or on behalf of Secure One Capital. The repeated calls within a short period, the use of a prerecorded voice message, and the generic content of the messages, void of any personal information, offering debt consolidation services, are indicative of the use of an ATDS capable of storing or producing numbers to be called using a random or sequential number generator.

27. Upon information and belief, Defendant Secure One Capital, through its employees, agents, and/or officers, including Defendants Edgell and Marier, directed, authorized, and/or ratified the calls made to Plaintiff's number.

28. Defendant Secure One Capital is vicariously liable for the actions of its employees, agents, and third-party vendors who placed the calls to Plaintiff, as these calls were made on Secure One Capital's behalf and for its benefit. Secure One Capital had the right and ability to control the actions of its employees, agents, and third-party vendors, and it benefited financially from the telemarketing campaign. Defendant Edgell and Marier, as officers and/or managers of Secure One Capital, had direct control over, and/or authorized and ratified, the telemarketing practices, including the use of an ATDS and prerecorded messages.

29. Upon information and belief, Defendant Bruce Michael Edgell is a branch manager for Secure One Capital, and, as evidenced by the voicemail message left for Plaintiff, directly participated in the telemarketing campaign that resulted in the calls to Plaintiff.

30. Defendant Ryan William Marier is the COO/CFO of Secure One Capital. As of March 10, 2025, his LinkedIn profile stated that, as COO/CFO, he "manage[s] daily operations and increase efficiency and secure efficiency processes throughout the entire organization." and that he is "directly involved in our firm's marketing efforts and new business development." These self-described responsibilities demonstrate Defendant Marier's direct involvement in, and control over, Secure One Capital's marketing and sales operations, including the telemarketing campaign that targeted Plaintiff.

31. Seeking redress for these injuries, Plaintiff Ortega brings suit under the TCPA.

## COUNT I
**Telephone Consumer Protection Act (Violation of 47 U.S.C. 227(c))**

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 of this Complaint.

33. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c)(2), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone

subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

34. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

35. Defendants Secure One Capital, and upon information and belief, Defendants Edgell and Marier violated and/or caused the violation of 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to Plaintiff.

36. Defendant Secure One Capital, and upon information and belief, Defendants Edgell and Marier violated and/or caused the violation of 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone solicitation in a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R § 64.1200, as described above.

37. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), is entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

38. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the number of statutory damages recoverable.

## COUNT II
**Telephone Consumer Protection Act (Violation of 47 U.S.C. 227(b))**

39. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 of this Complaint.

40. The TCPA's implementing regulation, 47 USC § 227(b), provides that [i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice § 227(b)(1)(A).

41. Upon information and belief, Defendants' calls resulted in the delivery of artificial and/or pre-recorded voice messages to Plaintiff's voicemail box.

42. As result of Defendants' conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(b)(3), is entitled, inter alia, to receive up to $500 in damages for such violation.

43. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT III
**Violation of Texas Telephone Solicitation Act Tex. Bus. & Com. Code Ann. § 305**

44. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 of this Complaint.

45. It is a violation of the TTSA to "make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if: (1) the person making the call or using the device knows or should have known that the called number is a mobile

telephone for which the called person will be charged for that specific call; and (2) the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device." See Tex. Bus. & Com. Code Ann. § 305.001.

46. The TTSA states that "[a] person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication". See Tex. Bus. & Com. Code Ann. § 305.053.

47. In violation of the TTSA, Defendants made and/or knowingly allowed telephonic communications to Plaintiff without Plaintiff's prior express written consent even though Plaintiff on the National Do Not Call Registry.

48. As a result of Defendant's conduct as alleged herein, and pursuant to § 305.053(b) of the TTSA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. See id.

49. To the extent Defendant's misconduct is determined to be willful and knowing the Court should, pursuant to section 305.053(c) treble the number of statutory damages recoverable by Plaintiff.

## COUNT IV
### Violation of Texas Regulation of Telephone Solicitation
### Tex. Bus. & Com. Code Ann. § 302

50. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 of this Complaint.

51. Section 302.101(a) of Texas Business and Commerce Code requires sellers that makes a telephone solicitation from a location in Texas or to a purchaser located in Texas to hold

"a registration certificate for the business location from which the telephone solicitation is made." Moreover, the Code requires a "separate registration certificate for each business location from which a telephone solicitation is made." See id (b).

52. In violation of the Code, Defendants made telephonic solicitations to Plaintiff without having a registration certificate for each business location at the time of the calls.

53. As a result of Defendants' conduct as alleged herein, and pursuant to § 302.302(a) of Tex. Bus. & Com. Code, Plaintiff was harmed and is entitled to a maximum of $5,000.00 in damages for each violation.

54. Under § 302.302(d), Plaintiff is entitled to "recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees."

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making further telemarketing calls to Plaintiff, absent an emergency circumstance;

b) Statutory damages under 47 U.S.C. § 227(c)(5) of up to $500 for each violation;

c) Statutory damages under 47 U.S.C. § 227(b)(3) of up to $500 for each violation;

d) Trebled damages for any willful or knowing violations, pursuant to 47 U.S.C. §227(c)(5) and §227(b)(3);

e) $500 for each violation of Tex. Bus. & Com. Code §305.053;

f) $5,000.00 for each violation of Tex. Bus. & Com. Code §302.302;

g) Treble damages for any willful or knowing violations, pursuant to Tex. Bus. & Com. Code Ann. § 305.053(c); and

h) An award to Plaintiff of damages, as allowed by law; and

i) Reasonable attorney's fees, costs, and expenses; and

j) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

DATED this 11th day of March 2025.

Respectfully submitted,

/s/ *Mark Anthony Ortega*
Mark Anthony Ortega
Plaintiff, Pro Se
mortega@utexas.edu
PO Box 702099
San Antonio, TX 78270
Telephone: (210) 744-9663

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, a copy of the foregoing document was served on the following parties through the CM/ECF system:

>  /*s/ Mark Anthony Ortega*
> Mark Anthony Ortega