FILED
MAY 20 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

MARK ANTHONY ORTEGA,
Plaintiff,

v.

SECURE ONE CAPITAL CORPORATION,
BRUCE MICHAEL EDGELL, and
RYAN WILLIAM MARIER,
Defendants.

Case No. 5:24-CV-00519-OLG-HJB

## DEFENDANT BRUCE MICHAEL EDGELL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Bruce Michael Edgell respectfully moves this Court to dismiss all claims asserted against him by Plaintiff Mark Anthony Ortega in the First Amended Complaint.

### I. INTRODUCTION

Plaintiff improperly names Mr. Edgell in his personal capacity for alleged violations of the Telephone Consumer Protection Act ("TCPA") and related Texas statutes. The only specific factual allegation made against Mr. Edgell is that he left a voicemail on December 19, 2023, identifying himself as a branch manager with Secure One Capital and offering debt consolidation services.

Mr. Edgell is not alleged to have designed the telemarketing campaign, managed call compliance systems, or knowingly contacted a phone number on the National Do Not Call Registry. The single voicemail described does not, by itself, constitute willful or knowing participation in unlawful telemarketing under the TCPA.

### II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient factual matter to state a claim that is plausible on its face. Conclusory allegations and legal

conclusions unsupported by facts are insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

III. ARGUMENT

A. No Plausible Claim of Personal Liability Against Edgell

The TCPA imposes liability on individuals who "initiate" or "knowingly authorize" illegal calls. Plaintiff does not allege that Mr. Edgell compiled lead lists, managed compliance, or had knowledge that the call recipient was on the National Do Not Call Registry. Courts have repeatedly held that individual employees acting within the scope of their employment cannot be held personally liable under the TCPA absent allegations of personal direction or knowing violations. See Jackson v. Caribbean Cruise Line, Inc., 88 F. Supp. 3d 129 (E.D.N.Y. 2015).

B. Edgell Acted Within Scope of Employment and in Good Faith

Mr. Edgell's voicemail was part of a routine job duty, using systems and scripts established by the company. He reasonably relied on the company's internal policies, which were intended to comply with federal law. There is no factual basis to suggest he acted outside his employment scope or knowingly violated any statute.

C. Edgell Has No Ownership or Connection to Texas

Mr. Edgell is not and has never been an owner of Secure One Capital. He resides in California, does not own property in Texas, holds no assets there, and has never traveled to or conducted personal activity in Texas. These facts underscore the absence of personal jurisdiction and reinforce the lack of any factual basis for individual liability.

IV. CONCLUSION

For the foregoing reasons, Defendant Bruce Michael Edgell respectfully requests that the Court dismiss all claims asserted against him in Plaintiff's First Amended Complaint, with prejudice.

Respectfully submitted,

*Bruce Edgell*

Bruce Michael Edgell, Pro Se

Address: [203 11th Street Huntington Beach CA 92648]
Email: {Bedgell1@yahoo.com} Phone: {949-873-0783}
Date: {5/19/2025}

## CERTIFICATE OF SERVICE

I hereby certify that on [5/19/2025], I served a true and correct copy of the foregoing Motion to Dismiss by United States Mail and/or via the CM/ECF system upon:

Mark Anthony Ortega
PO Box 702099
San Antonio, TX 78270
Email: mortega@utexas.edu

*Bruce Edgell*
Bruce Michael Edgell

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

FILED
MAY 20 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

MARK ANTHONY ORTEGA,
Plaintiff,

v.

SECURE ONE CAPITAL CORPORATION,
BRUCE MICHAEL EDGELL,
and
RYAN WILLIAM MARIER,
Defendants.

Case No. 5:24-CV-00519-OLG-HJB

## DEFENDANT RYAN WILLIAM MARIER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Ryan William Marier ("Defendant Marier") respectfully moves this Court to dismiss all claims asserted against him by Plaintiff Mark Anthony Ortega ("Plaintiff") in the First Amended Complaint.

### I. INTRODUCTION

Plaintiff has improperly named Ryan Marier in his individual capacity for alleged violations of the Telephone Consumer Protection Act ("TCPA") and related Texas statutes without alleging any facts showing personal participation or knowing authorization of the challenged conduct. The claims against Mr. Marier are conclusory, unsupported by specific facts, and are an improper attempt to impose individual liability based solely on his role as an officer of Secure One Capital Corporation.

### II. FACTUAL BACKGROUND

The First Amended Complaint asserts that Defendant Marier was the COO/CFO of Secure One Capital and had general responsibilities involving marketing and business development. Plaintiff does not allege that Mr. Marier personally made any telephone calls, selected call recipients, or had any specific knowledge of the Plaintiff's phone number being on the National Do Not Call Registry. Plaintiff merely references a LinkedIn profile to claim Mr. Marier was "directly involved" in marketing operations.

The Complaint includes no factual allegations establishing that Mr. Marier directed, authorized, or knowingly ratified the specific calls at issue. Rather, the allegations confirm the calls were made by or on behalf of Secure One Capital, and that a voicemail was left by another employee, Bruce Edgell.

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must plead more than labels, conclusions, or a formulaic recitation of the elements.

For personal jurisdiction under Rule 12(b)(2), a plaintiff must show that the defendant had minimum contacts with the forum state and purposefully directed activities toward the forum. See International Shoe Co. v. Washington, 326 U.S. 310 (1945).

### IV. ARGUMENT

**A. The Complaint Fails to State a Claim Against Mr. Marier Individually**

The TCPA imposes liability on those who "initiate" unlawful calls or "authorize" others to do so. Courts have held that corporate officers are not personally liable under the TCPA unless they personally participated in or knowingly authorized the conduct. See Jackson v. Caribbean Cruise Line, Inc., 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015).

Here, Plaintiff alleges no facts that Mr. Marier:
- Personally made any calls;
- Knew about the calls to Plaintiff;
- Directed or approved calls to DNC-registered numbers;
- Managed or instructed the employee who made the calls.

Instead, Plaintiff relies solely on Mr. Marier's title and general job description, which is insufficient to pierce the corporate veil or to impose individual statutory liability.

**B. Plaintiff Fails to Establish Personal Jurisdiction Over Mr. Marier**

Mr. Marier resides in California and did not purposefully direct any conduct toward Texas in his individual capacity. His job functions as COO/CFO were carried out in California. Plaintiff alleges no facts connecting Mr. Marier personally to Texas. Naming a corporate officer located in another state without specific conduct directed at the forum is insufficient to establish personal jurisdiction.

Furthermore, Mr. Marier does not own property in Texas, has no assets located in Texas, and to the best of his recollection, has never traveled to or conducted any personal activities in the state. These facts further demonstrate that Mr. Marier lacks sufficient contacts with Texas to support personal jurisdiction.

**C. Plaintiff's Allegations Do Not Meet the Threshold for Willfulness**

To the extent Plaintiff seeks treble damages, he must allege willful or knowing misconduct. The Complaint is devoid of any factual basis to support such an assertion. Even if company policy failed, the existence of procedures intended to ensure TCPA compliance negates any claim of willful misconduct by Mr. Marier.

**V. CONCLUSION**

For the foregoing reasons, Defendant Ryan William Marier respectfully requests that the Court grant this Motion to Dismiss all claims against him in Plaintiff's First Amended Complaint, with prejudice.

Respectfully submitted,

*/s/ Ryan William Marier*

Ryan William Marier, Pro Se

Address: 7403 Seashore Dr., Newport Beach, CA 92663

Email: Ryanm@secureonecapital.com

Phone: 714-608-1558

Date: 05/19/2025

## CERTIFICATE OF SERVICE

I hereby certify that on 05/19/2025, I served a true and correct copy of the foregoing Motion to Dismiss by United States Mail and/or through the CM/ECF system upon the following:

Mark Anthony Ortega
PO Box 702099
San Antonio, TX 78270
Email: mortega@utexas.edu

Ryan William Marier

